# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:14-CR-00206-LJO-SKO |
|---|---|
| Plaintiff-Respondent, | MEMORANDUM DECISION AND ORDER DISMISSING PETITIONER'S 28 U.S.C. § 2255 MOTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND DEYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| DUANE EARL DEE CASTEEL, | |
| Defendant-Petitioner. | |
| | ECF Nos. 35, 36, 37 |

Duane Earl Dee Casteel ("Petitioner") is currently serving a 150-month sentence for possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252. (ECF No. 31 (Judgment and Commitment).) On December 15, 2017, Petitioner filed three motions: (1) a motion to vacate his sentence pursuant to 28 U.S.C § 2255 ("§ 2255") (ECF No. 35), (2) a motion for appointment of counsel (ECF No. 36), and (3) a motion to proceed *in forma pauperis* (ECF No. 37). Petitioner identifies five general grounds for his § 2255 motion, all relating to Congress' jurisdiction to enact the statute under which he was convicted: 18 U.S.C. § 2252. ECF No. 36.

Section 2255 provides, in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have

1

been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This Court entered judgment against Petitioner on November 25, 2015. (ECF No. 31.) Where the defendant does not take a direct appeal, the judgment of conviction becomes final when the time for filing a notice of appeal expires. *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010). Therefore, because defendant did not take a direct appeal, his judgment of conviction became final on December 9, 2015, fourteen days after the judgment was entered. He filed his petition pursuant to § 2255 on December 15, 2017[1] – more than two years after judgment became final.

Petitioner does not allege that governmental action prevented him from making a timely motion. Therefore, he is not entitled to a later accrual date under § 2255(f)(2). *See Robles-Vargas v. United States*, Nos. 05CR0117 H, 07CV0861 H, 2008 WL 755895, at *3 (S.D. Cal. Mar.19, 2008) ("To constitute an impediment to trigger statutory tolling, the government must have imposed the impediment in violation of the Constitution or laws of the United States."). Similarly, Petitioner does not assert any claim based on a right newly recognized by the Supreme Court. Lastly, Petitioner does not allege that he pursued his claim with reasonable diligence in the period between November 25, 2015 and November 2017. *See United States v. Young*, No. 3:09-CR-00129 JWS, 2014 WL 4748567, at *6 (D. Alaska Sept. 22, 2014) (petitioner is required "at a minimum, to allege his reasonable diligence during this timeframe"). Petitioner has not demonstrated that he is entitled to a later accrual date under § 2255(f)(4). Accordingly, Petitioner's motion was not filed within the applicable statute of limitations and is therefore **DISMISSED**.

As to Petitioner's request for appointment of counsel, there is no constitutional right to

---

[1] Although Petitioner's motion was filed in this Court on December 15, 2017, for statute of limitations purposes, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988). Here, however, the Court cannot determine the date of delivery because the Petition is unsigned and undated. Even giving Petitioner the benefit of the doubt by assuming it was delivered to prison officials on the date indicated on the motion for appointment of counsel, November 17, 2017 (ECF No. 36), it was still delivered far too late.

appointment of counsel for petitioners making a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). Nevertheless, "[t]he rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures . . . or if an evidentiary hearing is required." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (citing Rules Governing Section 2255 Proceedings, Rules 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."), 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Appointment of counsel to represent indigent defendants is also required in 2255 proceedings "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). *See also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (due process requires appointment of counsel "when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel"). Outside of these three mandatory situations, district courts are authorized under 18 U.S.C. § 3006A(a)(2) to appoint counsel in a section 2255 proceeding whenever "the court determines that the interests of justice so require" and the movant is financially eligible. "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954.

      Petitioner does not differentiate his request for habeas relief from that of any other petitioner and fails to show how the interests of justice would be served by appointing counsel in this case, specifically. Demonstrating a timely filing is not a complex undertaking. *See, e.g., United States v.*

*Kalfsbeek*, No. 2:05-CR-0128-LKK-AC, 2013 WL 129409, at *3 (E.D. Cal. Jan. 9, 2013) (denying appointment of counsel because compliance with procedural rules of a § 2255 motion is "not inherently complex."); *United States v. Skinner*, No. 3:03-cr-00176-LRH-VPC, 2010 WL 1462935, at *2 (D. Nev. Apr. 9, 2010) (denying motion for counsel where § 2255 motion was time barred). Weighing the relevant factors, Petitioner's motion to appoint counsel is **DENIED**.

Because Petitioner's motion pursuant to 28 U.S.C. § 2255 is denied as untimely and his request for counsel is denied, his request for to proceed *in forma pauperis* is **DENIED AS MOOT**.

Finally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability for his § 2255 motion.

Accordingly, **IT IS HEREBY ORDERED:**

1) Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 35) is **DISMISSED** as untimely.

2) Petitioner's request for counsel (ECF No. 36) is **DENIED**;

3) Petitioner's motion to proceed *in forma pauperis* (ECF No. 37) is **DENIED AS MOOT**; and

4) The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **June 7, 2018**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

4