# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:14-CR-00206-LJO-SKO** |
| Plaintiff-Respondent, | **MEMORANDUM DECISION AND ORDER DISMISSING PETITIONER'S MOTION TO DISMISS** |
| v. | |
| **DUANE EARL DEE CASTEEL,** | (ECF No. 39) |
| Defendant-Petitioner. | |

Duane Earl Dee Casteel ("Petitioner") is currently serving a 150-month sentence for possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252. ECF No. 31 (Judgment and Commitment). On December 15, 2017, Petitioner filed three motions: (1) a motion to vacate his sentence pursuant to 28 U.S.C § 2255 ("§ 2255") (ECF No. 35), (2) a motion for appointment of counsel (ECF No. 36), and (3) a motion to proceed *in forma pauperis* (ECF No. 37). Petitioner identified five general grounds for his § 2255 motion, all relating to Congress' jurisdiction to enact the statute under which he was convicted: 18 U.S.C. § 2252. ECF No. 36.

In a written order dated June 8, 2018, the Court denied Petitioner's § 2255 motion, finding that it was filed outside the applicable one-year statute of limitation. ECF No. 38. The Court also denied Petitioner's request for appointment of counsel and motion to proceed *in forma pauperis*. *Id*.

On July 6, 2018, Petitioner filed what he styled a "Motion to Dismiss the Indictment Pursuant to Fed. R. Civ. P. 12(b) for Lack of Subject Matter Jurisdiction." ECF No. 39. In this motion, Petitioner again attacks his indictment and conviction on the ground that Congress lacked authority to enact the statute under which he was convicted. He argues that because the issue goes to subject matter

1

jurisdiction, a matter that a court can visit "at any time," his motion is not untimely.

"As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (internal quotation marks and citation omitted). Section 2255 permits a federal prisoner who claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Federal Rules of Civil Procedure do not provide "a source of post-conviction relief." *United States v. Lizarraras-Chacon*, No. 3:11-CR-00517-HZ-1, 2015 WL 3447908, at *1 (D. Or. May 29, 2015). *See also United States v. Richmond*, No. CIV. 06-70000-KI, 2007 WL 2729474, at *1 (D. Or. Sept. 14, 2007) (holding that "the basis for the motion is inappropriate" where a criminal conviction was challenged pursuant to the Federal Rules of Civil Procedure).

Petitioner asserts that the Court lacked jurisdiction to entertain the criminal prosecution against him. A claim that a sentence was illegally imposed based on an assertion "that the court was without jurisdiction to impose such sentence" are to be brought as § 2255 claims. 28 U.S.C. § 2255(a). Though he has captioned the present challenge as a motion brought pursuant to the Federal Rules of Civil Procedure, federal courts are empowered to "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category," including cases to recharacterize a claim based on "its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003). Regardless of the label a petitioner places on a motion, "[a]n application filed in the sentencing court that substantively falls within the scope of Section 2255 is analyzed as a motion under that Section." *Lizarraras-Chacon*, 2015 WL 3447908, at *1.

Section 2255 provides that a prisoner may not bring a second or successive motion under § 2255 in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a

2

whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The procedure for certification provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2254(3)(A).

Because Petitioner has filed a second § 2255 motion without certification from the Ninth Circuit Court of Appeals, this court lacks jurisdiction to review the merits of the petition.

Accordingly, **IT IS HEREBY ORDERED:**

1) Petitioner's motion to dismiss the indictment (ECF No. 39), construed as a § 2255 motion, is **DISMISSED**; and

2) The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 17, 2018**          **/s/ Lawrence J. O'Neill**
                                 UNITED STATES CHIEF DISTRICT JUDGE